```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION AT LEXINGTON
```

NATHANIEL SIMPKINS,

    Petitioner, | Civil Action No. 10-433-JMH

vs.

DEBORAH HICKEY, | **MEMORANDUM OPINION AND ORDER**

    Respondent.

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Nathaniel Simpkins is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Simpkins has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the filing fee. [R. 10] Having reviewed the petition[1], the Court must deny relief because Simpkins's claims may not be brought in a petition for a writ of habeas corpus pursuant to Section 2241.

On April 15, 2005, Simpkins and three co-conspirators were

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at \*1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

indicted for their participation in an armed bank robbery. Following a three day trial, a jury found Simpkins guilty of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371, armed bank robbery in violation of 18 U.S.C. § 2113(a), and use of a firearm during the commission of a violent felony in violation of 18 U.S.C. § 924(c). On September 23, 2005, the trial court sentenced Simpkins to a combined 114 month term of incarceration to be followed by a four year term of supervised release. Simpkins' conviction and sentence were subsequently affirmed by the Eleventh Circuit Court of Appeals. *United States v. Simpkins*, No. 1:05-cr-20318-JAL-2 (S.D. Fla. 2005).

In his petition, Simpkins asserts that his criminal conviction is void because the United States lacks jurisdiction to criminalize conduct which is not committed on federal land. [R. 2 at 4] Rather, Simpkins asserts, Article I of the Constitution draws a sharp distinction between a "Law of the United States," which applies to citizens of the many states, and "Acts of Congress," which apply within federal territory, such as the District of Columbia. [R. 2 Att. 1 at 1] Simpkins contends that no federal statute confers federal criminal jurisdiction to district courts. [R. 2 Att. 1 at 2]

Simpkins's challenge to the trial court's jurisdiction to try and convict him of criminal conduct may not be pursued in this habeas proceeding under Section 2241. Such a claim must be pursued

by filing a post-conviction motion under Section 2255 with the trial court. 28 U.S.C. § 2255(a) ("A prisoner claiming the right to be released upon the ground that ... the court was without jurisdiction to impose such sentence ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1078 (9th Cir. 2001) (claim that trial court lacked jurisdiction to impose enhanced sentence where government allegedly failed to file notice required by Section 851(a)(1) is cognizable under Section 2255). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

The narrow "safety valve" provision found in Section 2255(e) does permit a prisoner to challenge the legality of his conviction through a Section 2241 petition, but only where the remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The Sixth Circuit permits a prisoner to take advantage of this provision only where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an

intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241.").

However, courts have uniformly held that challenges to the trial court's jurisdiction which are not predicated upon a newly-available and retroactively-applicable decision of the United States Supreme Court do not fall within this narrow exception. *Cf*. *Cano v. Warden, FCC-Coleman-USP I*, 358 F. App'x 107, 108-09 (11th Cir. 2009) (Section 2241 petition predicated upon invalidity of 1948 enactment of Title 18 of the United States Code does not fall within the savings clause). Rather, an argument that the trial court was without jurisdiction to try and convict the petitioner is one that could and should have been raised in that court in the first instance, and therefore this court lacks habeas jurisdiction to entertain it. *Lewis v. Thoms*, 14 F. App'x 828 (6th Cir. 2002); *Cano v. Warden, FCC Coleman-USP I*, 358 F. App'x 107, 109 (11th Cir. 2009) ("even if a petitioner claims the district court lacked jurisdiction in the underlying criminal proceeding, the petitioner cannot avail himself of the § 2241 remedy unless the savings clause criteria are met."); *Adams v. United States*, 372 F.3d 132, 134-35 (2d Cir. 2004) (same).

Accordingly, **IT IS ORDERED** that:

1. Simpkins's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court will enter an appropriate judgment.

This the 7th day of March, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge